2002 ND 54

In the Matter of the PETITION TO CHANGE THE RESIDENT CHAMBERS FOR DISTRICT JUDGESHIP NO. 8, NORTHWEST JUDICIAL DISTRICT, FROM WATFORD CITY TO MINOT.

No. 20020048.

Supreme Court of North Dakota.

April 8, 2002.

PER CURIAM.

[¶ 1]   On February 19, 2002, the Honorable Robert W. Holte, Presiding Judge of the Northwest Judicial District, filed a Petition under N.D. Sup.Ct. Admin. R. 7.1 requesting this Court to relocate the chambers of District Judgeship No. 8 of the Northwest Judicial District from Watford City to Minot.

[¶ 2]   Under         § 27–05–08, N.D.C.C., this Court has the authority to determine the location of the chambers of the state's district judges.   Since November 2001, the Court has had two occasions to review the judicial service needs, population and caseload trends, and other criteria identified in N.D. Sup.Ct. Admin. R. 7.1, § 4, regarding the Northwest Judicial District.   *See Judicial Vacancy in the Northwest Judicial District*, 2002 ND 12, 638 N.W.2d 540; *Judicial Vacancy in the Northwest Judicial District*, 2001 ND 199, 637 N.W.2d 3.   We take judicial notice of the information contained in those files.

[¶ 3]   After notice, a hearing concerning the possible transfer of Judgeship No. 8 was held in the Ralph J. Erickstad Courtroom of the Supreme Court on March 27, 2002.   This order is based upon a consideration of all information received and reviewed by this Court, the criteria identified in N.D. Sup.Ct. Admin. R. 7.1, § 4, and the need for continued effective judicial services in the Northwest Judicial District.

[¶ 4]   Of the criteria identified in N.D. Sup.Ct. Admin. R. 7.1, § 4, factors a., i., j., and l. indicate the chambers of Judgeship No. 8 should be relocated.

a.   **Annual district court combined civil, criminal and formal juvenile caseload for the most recent three-year period and any discernible caseload trends or patterns.**

[¶ 5]   Our weighted caseload study allocates the amount of judicial resources (in-

cluding judges and judicial referees) needed to handle cases after weighting each type of case by the amount of time required to process an average case of that type. The study also allocates time not available for handling cases but which is required from a judge, such as travel time and time for the presiding judge to handle administrative matters. The resulting computation is the minimum judicial resources (expressed as a "judicial FTE", which includes both judges and judicial referees) to meet the needs of the district based upon weighted case filings.

[¶ 6] The following tables are divided into two geographical areas of contiguous counties in the district. The tables indicate the total filings and weighted filings in each county for the last three years. We regard the weighted filings as the more significant because the weighted filings are indicative of judge time required to dispose of a matter.

| County | 1999 Weighted Filings | 1999 Actual Filings | 2000 Weighted Filings | 2000 Actual Filings | 2001 Weighted Filings | 2001 Actual Filings |
|---|---|---|---|---|---|---|
| Burke | 7,182 | 465 | 12,337 | 552 | 9,354 | 547 |
| Mountrail | 19,167 | 1,258 | 19,525 | 1,212 | 22,483 | 1,184 |
| Ward | 245,512 | 8,908 | 240,463 | 8,649 | 264,529 | 9,538 |
| Subtotals | 271,861 | 10,631 | 272,325 | 10,413 | 296,366 | 11,269 |
| Subtotal Percentage | 68% | 59% | 65% | 58% | 68% | 59% |
| Divide | 7,393 | 394 | 8,781 | 394 | 8,077 | 357 |
| McKenzie | 19,797 | 1,928 | 23,792 | 1,824 | 21,126 | 2,176 |
| Williams | 102,748 | 5,124 | 117,025 | 5,470 | 108,671 | 5,419 |
| Subtotals | 129,938 | 7,446 | 149,598 | 7,688 | 137,874 | 7,952 |
| Subtotal Percentage | 32% | 41% | 35% | 42% | 32% | 41% |
| District Totals | 401,799 | 18,077 | 421,923 | 18,101 | 434,240 | 19,221 |

[¶ 7] When the chambers are transferred, 71.4 percent of the judicial FTEs (four judges and one referee) will be located in the eastern counties of Burke, Mountrail, and Ward and 28.6 percent of the judicial FTEs (two judges) will be in the western counties of Divide, McKenzie, and Williams. This would locate the judicial FTEs in close proximity to the workload.

[¶ 8] The judicial FTE overage (shortage) by county in the district for the same three years is set out below.

| County | 1999 | 2000 | 2001 |
|---|---|---|---|
| Burke | − 0.11 * | − 0.19 * | − 0.15 * |
| Mountrail | 0.58 | 0.58 | 0.53 |
| Ward | 0.19 | 0.26 | − 0.11 |
| Divide | − 0.11 * | − 0.14 * | − 0.13 * |

| | | | |
|---|---|---|---|
| McKenzie | 0.69 | 0.63 | 0.67 |
| Williams | 0.40 | 0.18 | 0.31 |

* All counties without resident chambers will show a judicial shortage. Such counties are served by judges chambered in other counties in the district.

The computation for Ward County has not been adjusted for the death of Judge Glenn Dill in September 2001 or the subsequent transfer of the judgeship to the East Central Judicial District, but assumes three judges and one referee in that county for each full year. If Ward County had had only two judges and a referee located there, the same filings in Ward County would reflect a judicial shortage in the last three years as follows:

| 1999 | 2000 | 2001 |
|---|---|---|
| − 0.81 | − 0.74 | − 1.11 |

To adequately serve Ward County, it is necessary to have three judges and a referee located there.

### i. Impact of any change of chamber on travel time for judges, court personnel, attorneys, and litigants.

[¶ 9] During the last biennium, the total mileage and average monthly mileage traveled by each judge and referee in the district was as follows:

|  | Total | Monthly Average |
|---|---|---|
| Connie Portscheller | 3,064 | 128 |
| Nels Olson | 5,210 | 217 |
| Gary Holum | 2,812 | 117 |
| David Nelson | 15,057 | 627 |
| Gerald Rustad | 8,480 | 353 |
| Glenn Dill | 1,934 | 81 |
| Robert Holte | 20,491 | 854 |
| William McLees | 29,499 | 1,229 |

Since Judge Glenn Dill's death in September 2001, all judges of the district chambered outside of Minot have had to substantially increase their travel, although some travel may be due to factors other than the need to replace services previously provided by Judge Dill. For the months of September through December of 2001, our records reflect the following travel in the district:

|  | Total | Monthly Average |
|---|---|---|
| Connie Portscheller | –0– | –0– |
| Nels Olson | –0– | –0– |
| Gary Holum | 428 | 107 |
| David Nelson | 6,289 | 1,572 |
| Gerald Rustad | 5,114 | 1,279 |
| Robert Holte | 4,189 | 1,047 |
| William McLees | 6,035 | 1,509 |

[¶ 10] Relocation of chambers will not eliminate travel by the judges but will reduce the travel that results because judicial resources are not proportionately located where the caseload arises.

### j. Population distribution in the judicial district or de facto subdistrict.

[¶ 11] The population distribution of the district supports the relocation of the chambers of Judgeship No. 8, because the greater population is currently located in the three eastern counties. Burke, Mountrail and Ward counties have a total of 67,668 people according to the 2000 census. Divide, McKenzie and Williams counties have a total population of 27,781. Burke, Mountrail and Ward together have 71 percent of the population in the district. Divide, McKenzie and Williams have 29 percent of the district population. If the petition is granted, these population percentages would correspond closely with the location of judicial FTEs. With four judges and one referee located in Minot and Stanley, 71.4 percent of the judicial FTEs would be close to the eastern counties of Burke, Mountrail and Ward. With two judges located in Williston, 28.6% of the judicial FTEs would have close access to Divide, McKenzie and Williams counties.

[¶ 12] The population projections prepared by the State Data Center at North Dakota State University for the counties in this district indicate the following:

| County | 2005 | 2010 | 2015 |
|---|---|---|---|
| Burke | 1,922 | 1,764 | 1,609 |
| Mountrail | 6,609 | 6,617 | 6,641 |
| Ward | 60,880 | 61,531 | 62,049 |
| Divide | 2,026 | 1,864 | 1,717 |
| McKenzie | 5,464 | 5,415 | 5,341 |
| Williams | 20,213 | 20,162 | 20,149 |

Population is expected to decline in all but Ward and Mountrail counties; thus the greater need will continue to be served by relocation of the chambers.

### l. Recommendation of the presiding judge of the judicial district, after consultation with the judges of the judicial district.

[¶ 13] This petition was brought by the presiding judge in the district after consul-

**4**

tation with the judges and referee from the district. We regard the people who provide judicial services in the district as in the best position to understand the need to reallocate the available judicial resources. The assessment of the presiding judge is fully supported by the information we have reviewed. Judge William McLees, whose chambers are proposed to move, has indicated the information he reviewed and the needs of the district as a whole do not justify opposition to this relocation. The relocation of chambers requires substantial personal sacrifice from the judge whose chambers are moved and the judge's family. We gratefully acknowledge the willingness of Judge William McLees to relocate his chambers in order to serve the judicial needs of the entire Northwest Judicial District.

[¶ 14] IT IS THEREFORE ORDERED, that Judgeship No. 8 in the Northwest Judicial District located in Watford City is transferred to Minot, effective July 1, 2002, to satisfy the demands of effective judicial administration in the Northwest Judicial District.

[¶ 15] The transfer of the Watford City judgeship is ordered with the intent and confidence that the Honorable Robert W. Holte, Presiding Judge of the Northwest Judicial District, together with the judges of the district and their successors, will continue to provide, through assignment, routine, effective judicial services to the area served by the Watford City judgeship.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.