COURT OF APPEALS
DECISION
DATED AND FILED

January 17, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP2112-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CT1767

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

      PLAINTIFF-APPELLANT,

  V.

LAQUANDA N. STRAWDER,

      DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: JONATHAN D. RICHARDS, Judge. *Reversed and cause remanded for further proceedings.*

¶1    WHITE, C.J.[1] The State appeals from the circuit court's order granting Laquanda N. Strawder's motion to suppress "all physical evidence;

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

statements; observations; and test results." The State argues the circuit court failed to properly apply the totality of the circumstances test when it determined there was no probable cause for Officer James McLean to arrest Strawder for operating a vehicle while intoxicated. The State also argues the circuit court failed to clearly state its findings of fact, so this court should examine the factual record *ab initio*. Finally, the State argues that even when applying the circuit court's findings, Officer McLean had probable cause to arrest Strawder. Strawder contends the circuit court properly determined that Officer McLean lacked probable cause and clearly stated its findings at the motion hearing.

¶2 We conclude that the circuit court properly applied the totality of the circumstances test and made sufficient findings of fact. Thus, we uphold those findings. However, after independently applying the circuit court's findings, we conclude that Officer McLean had probable cause to arrest Strawder for operating under the influence of an intoxicant. Therefore, we reverse the order granting Strawder's motion to suppress.

## BACKGROUND

¶3 On November 12, 2021, at approximately 2:19 a.m., a motorist flagged down Officer McLean and reported there was a "hit-and-run accident" nearby on College Avenue in South Milwaukee. Officer McLean responded and found one vehicle on the eastbound side of College Avenue with "extensive front-end damage … in the middle of the two-lane street." Strawder was standing next to the vehicle.

¶4 Officer McLean spoke with Strawder and learned that Strawder had been driving the vehicle and did not require medical attention. Strawder informed Officer McLean that she was returning to her home on Silver Spring Drive from a

friend's party. Strawder explained that she had been driving southbound on Pennsylvania Avenue and was turning eastbound onto College Avenue when she was run off the road by another vehicle. Strawder was unable to describe that vehicle. During the discussion, Officer McLean noticed that Strawder's eyes were glossy. Officer McLean asked Strawder a few times if she had anything to drink and Strawder replied that she had not. Officer McLean then left Strawder with an Oak Creek police officer to take the accident report.

¶5 Next, Officer McLean observed a trail of liquid, tire marks, and debris that went across College Avenue and Pennsylvania Avenue. Officer McLean followed this trail from the vehicle to an area where some signs were knocked down. When Officer McLean returned, the Oak Creek police officer told Officer McLean that Strawder admitted that she had "a drink." Officer McLean asked Strawder again if she had anything to drink. This time Strawder indicated that she had something to drink.

¶6 Officer McLean also sought to clarify the direction Strawder was traveling because Strawder initially said she was heading to Silver Spring Drive, which was to the north, seemingly contrary to Strawder's statement that she was traveling southbound on Pennsylvania Avenue. Strawder confirmed that she was driving south.

¶7 Officer McLean then had Strawder perform three field sobriety tests: Horizontal Gaze Nystagmus ("HGN"), One-Leg Stand, and Walk-and-Turn. While Officer McLean was instructing Strawder on the tests, Strawder informed

him that she "had a broken ankle."[2] Officer McLean administered the tests and observed five out of six clues indicating impairment on the HGN test, four out of eight clues on the Walk-and-Turn, and one out of four clues on the One-Leg Stand. At this point Officer McLean placed Strawder under arrest because he believed she was intoxicated. Afterwards, Strawder submitted to an Intoximeter test which showed that Strawder's breath contained 0.19 grams of alcohol per 210 liters of breath.

## DISCUSSION

¶8 "Our review of an order granting or denying a motion to suppress evidence presents a question of constitutional fact." *State v. Tullberg*, 2014 WI 134, ¶27, 359 Wis. 2d 421, 857 N.W.2d 120 (citation omitted). This court employs a two-step inquiry when presented with a question of constitutional fact. *Id.* "First, we review the circuit court's findings of historical fact under a deferential standard, upholding them unless they are clearly erroneous. Second, we independently apply constitutional principles to those facts." *Id.* (citations omitted). "The application of those facts to constitutional principles is a question of law that we review *de novo*." *State v. Kennedy*, 2014 WI 132, ¶16, 359 Wis. 2d 454, 856 N.W.2d 834 (emphasis added).

¶9 "[P]robable cause must exist to justify an arrest." *State v. Secrist*, 224 Wis. 2d 201, 209, 589 N.W.2d 387 (1999). "[E]very probable cause determination must be made on a case-by-case basis, looking at the totality of the circumstances." *State v. Multaler*, 2002 WI 35, ¶34, 252 Wis. 2d 54, 643 N.W.2d

---

[2] Officer McLean's body camera footage of Strawder informing Officer McLean of her broken ankle was played at the motion hearing.

437. "Probable cause is a flexible, common-sense measure of the plausibility of particular conclusions about human behavior." *State v. Lange*, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551 (citation omitted). "Probable cause to arrest for operating while under the influence of an intoxicant refers to that quantum of evidence within the arresting officer's knowledge at the time of the arrest that would lead a reasonable law enforcement officer to believe that the defendant was operating a motor vehicle while under the influence of an intoxicant." *Id.*, ¶19.

### I.    The circuit court applied the totality of the circumstances test.

¶10    The State argues that the circuit court erred by failing to consider the totality of the circumstances including inconsistencies between the physical evidence and Strawder's remarks to Officer McLean. However, the record supports that the circuit court considered the totality of the circumstances.

¶11    It is clear from the full transcript of the motion hearing that the circuit court considered the totality of the circumstances when Officer McLean arrested Strawder. First, the circuit court analyzed whether Officer McLean had reasonable suspicion to stop Strawder. The circuit court laid out in detail the "confusing situation" which encompasses what the State argues the circuit court failed to consider when analyzing whether there was probable cause to arrest Strawder.[3] The circuit court discussed the time of day, the inconsistencies between the physical evidence and Strawder's statements to Officer McLean, and that Strawder was driving from a party. Ultimately the circuit court found that

---

[3] The State is also critical of the circuit court's decision to analyze whether Officer McLean had reasonable suspicion to stop Strawder in the context of an automobile accident. However, whether Officer McLean had reasonable suspicion is not at issue on appeal. Therefore, this court will not address further whether the circuit court erred by making this analysis.

Officer McLean had reasonable suspicion to stop Strawder under those circumstances.

¶12    Second, when the circuit court considered whether Officer McLean had probable cause to arrest Strawder it referred back to these circumstances by characterizing them as the "unusual situation" and "unusual circumstances" before Officer McLean.  The State emphasizes the circuit court's use of the phrase "the only thing" to try to show that the circuit court failed to actually consider these circumstances.  However, the circuit court used this phrase only after finding that Officer McLean was aware of Strawder's broken ankle, so the results of the One-Legged Stand and Walk-and-Turn field sobriety tests were "inconclusive."  The circuit court then concluded with "the *only thing* we had was the fact of kind of *unusual circumstances and* her failure of the Horizontal Gaze Nystagmus test." (Emphasis added.)

¶13    When reading the transcript as a whole it is apparent that the circuit court was clarifying, in light of it discounting two of the field sobriety tests, that it was considering all of the circumstances discussed previously and the HGN test. The State's contention that the circuit court's statement means that it "formed its ruling on the basis of one isolated factor," the HGN test, is unpersuasive. Therefore, the circuit court did not err by failing to consider the totality of the circumstances.

**II.    The circuit court made sufficient factual findings.**

¶14    The State argues that this court should review the record *ab initio* because the circuit court failed to make clear findings of fact and credibility determinations.  When the circuit court "fails to make any findings of fact" this court can examine the factual record *ab initio* to "decide as a matter of law

whether the evidence constitutes probable cause." ***State v. Williams***, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601 (1981). However, this court declines to do so here.

¶15 The circuit court's analysis is sufficiently clear to support that it made findings of fact and weighed the credibility of the witness. The circuit court discussed the circumstances of the arrest, found two of the field sobriety tests inconclusive, and thus granted Strawder's motion to suppress. Although not all of the circuit court's findings were explicitly laid out, the circuit court's decision is not so completely devoid of reasoning and findings to warrant an *ab initio* review. *See id.* at 22 (examining the record *ab initio* because "[the circuit court] order gave no reasons, merely conclude[ed] that the State had not met its burden of showing probable cause"); ***State v. Nordness***, 128 Wis. 2d 15, 36, 381 N.W.2d 300 (1986) (stating that the record should be reviewed *ab initio* because the circuit court never made a probable cause determination with findings of fact). Therefore, this court declines to engage in an *ab initio* review.

¶16 The State also argues that the circuit court's finding that Strawder had broken her ankle was not supported by the record. As a result, the State reasons the circuit court improperly discounted evidence from two field sobriety tests involving walking and standing. However, Officer McLean's body camera footage of Strawder informing Officer McLean that her ankle had been broken was played before the circuit court. Additionally, Officer McLean admitted that Strawder informed him that she had an ankle that had been broken. The State never challenged whether Strawder's ankle was actually broken or to what extent it impaired her abilities to walk and stand before the circuit court. There is no evidence in the record that suggests that Strawder's broken ankle would have no impact on her ability to walk and stand. Consequently, the record supports the

7

circuit court's finding and the circuit court did not abuse its discretion by discounting evidence from two of the field sobriety tests as inconclusive.

### III. Officer McLean had probable cause to arrest Strawder for operating while under the influence of an intoxicant.

¶17 The ultimate question before this court is, when applying *de novo* the circuit court's findings regarding what was within Officer McLean's knowledge at the time of arrest, would a reasonable law enforcement officer believe that Strawder was operating a motor vehicle under the influence of an intoxicant. *See Lange*, 317 Wis. 2d 383, ¶19; *Tullberg*, 359 Wis. 2d 421, ¶27.

¶18 Based on the information available to Officer McLean, a reasonable officer would believe that Strawder was operating her vehicle under the influence of an intoxicant. The facts suggesting that Strawder was operating her vehicle while intoxicated are the following: the time of day, that Strawder was coming from a party where she admitted she had been drinking after initially denying she consumed any alcohol; the five out of six clues indicating impairment observed during the HGN field sobriety test; and that the direction of Strawder's travel was inconsistent with her intended destination. Together these facts would lead a reasonable police officer to believe that Strawder was probably operating her vehicle under the influence. *See Lange*, 317 Wis. 2d 383, ¶38.

¶19 Strawder argues that there could not have been probable cause because certain common indicators of intoxication were not present such as the fact that Officer McLean did not observe any odor of an intoxicant and that Strawder did not have slurred speech. However, evidence of specific indicators is not required to support a finding of probable cause. *Lange*, 2009 WI 49, ¶37. All that is required is sufficient evidence that "would lead a reasonable police officer

8

to believe that the defendant probably was under the influence of an intoxicant while operating [a] vehicle." *Lange*, 2009 WI 49, ¶38.

¶20 Strawder also argues that some of these facts support other, alternative, reasonable inferences. For example, Strawder emphasized that the inconsistency between Strawder's destination and direction of travel could have an innocent explanation. However, alternative inferences are not relevant. "When a police officer is confronted with two reasonable competing inferences, one justifying arrest and the other not, the officer is entitled to rely on the reasonable inference justifying arrest." *State v. Kutz*, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660.

¶21 Therefore, Officer McLean had probable cause to arrest Strawder for operating her vehicle while under the influence of an intoxicant.

**CONCLUSION**

¶22 We hold that the circuit court examined the totality of the circumstances when it determined whether Officer McLean had probable cause to arrest Strawder. We also hold that the circuit court properly exercised its discretion in making its findings of fact. After independently applying the circuit court's findings, we conclude that Officer McLean had probable cause to arrest Strawder for operating under the influence of an intoxicant. Therefore, we reverse the order granting Strawder's motion to suppress and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.